5

LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Jeffrey Vetter, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RAUL VELASQUEZ and<br>ROSALVA VELASQUEZ,<br><br>Debtors. | Case No. 09-17155-A-7<br><br>Chapter 7<br><br>DC No. KDG-3<br><br>Date: December 14, 2010<br>Time: 1:30 p.m.<br>Place: U.S. Bankruptcy Court<br>1300 18th Street, Suite A<br>Bakersfield, California<br>Judge: Whitney Rimel |

MOTION FOR ORDER AUTHORIZING
TRUSTEE TO SELL REAL PROPERTY

TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:

I. INTRODUCTION

The Trustee moves the Court for authority to sell real property in Kern County, owned by Raul Velasquez ("Debtor") as his sole and separate property, and Octavio Botello, and Jose Botello, all in joint tenancy. The Trustee listed the property for sale initially for $265,000.00 over a year ago. The Trustee received an all cash offer of $72,000.00 and has accepted it pending Court approval. The sale is subject to overbid at the hearing. The sale is expected to yield approximately $21,333.00 for distribution by the Trustee.

## II. JURISDICTION AND AUTHORITY

The Court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. Section 157(b)(2)(A) & (N).

A trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). In determining whether to allow a sale, a Bankruptcy Court must determine that the sale is supported by a showing of "good business judgment." *In re Walter*, 83 B.R. 14, 20 (9th Cir. BAP 1988) ); *In re Lionel Corp.* 722 F.2d 1063, 1071 (2nd Cir. 1983). The decision of whether to authorize a sale pursuant to 363(b) lies within the sound discretion of the Bankruptcy Court. *In re Lionel Corp., supra* at page 1066.

## III. FACTUAL BACKGROUND

Jeffrey Vetter is the Trustee in the Chapter 7 case. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on July 28, 2009.

**The Property.** Debtor's estate includes real property described by Debtor in his *Amended Schedule A- Real Property* as "Vacant Land: 8710 Fairview Road, Bakersfield, CA 93307." The property is Kern County Assessors Parcel Number 178-020-38 (the "Real Property"). The Real Property is owned in joint tenancy by Debtor, Octavio Botello, and Jose Botello. Octavio Botello and Jose Botello, through counsel, consented to the sale of the co-owned property, so that the Trustee did not need to file an adversary proceeding under §363(h) and Bankruptcy Rule 7001(3). The Trustee agreed to reimburse the Botellos for the estate's 1/3 share of property taxes paid by the Botellos post-petition. See Exhibits "B" and "D." The estate's share is about $607.34.

**Proposed sales price and terms.** Goldberg Properties ("Buyer") has offered to purchase the Real Property for $72,000.00 in an all cash offer. The sale will yield approximately $21,333.00 for distribution by the estate based on the Trustee's calculation. The Trustee believes that $72,000.00 represents the fair market value of the property and the best price obtainable under the conditions of Debtor's Chapter 7 case. The Trustee marketed the Real Property for almost a year, since engaging Diana Ybarra in November 2009. However, the sale of the Real Property is subject to higher and better bids at the time of the hearing.

Buyer and the Trustee entered into a *Vacant Land Purchase Agreement and Joint Escrow Instructions*, and *Counter Offer 1* ("the Contract"), filed as Exhibit "A" to the *Exhibits in Support of Motion for Order Authorizing Trustee to Sell Real Property*, concurrently herewith.

Buyer paid a $1,000.00 deposit, which is being held in an escrow account. The Trustee is informed that Buyer intends to pay the balance of the purchase price into escrow immediately upon Court approval of the sale. The Trustee expects that the sale will close within 30 days after the hearing.

**Liens, encumbrances, and exemptions.** According to Debtor' Schedules of Assets and Liabilities, and the Trustee and Diana Ybarra's investigation, the Real Property is not encumbered by a deed of trust. Public tax records indicate that taxes are due in the amount of $815.15. See Exhibit "C." Debtor did not claim an exemption regarding the Real Property. Neither Debtor, Octavio Botello, or Jose Botello reside at the Real Property.

**Broker commission.** The Trustee obtained authority for Diana Ybarra at Miramar Real Estate Group to market the Real Property by *Order Authorizing the Employment of Real Estate Broker* filed November 19, 2009. Under the Order, subject to further Court approval, Miramar Real Estate Group would receive a commission of up to 6% of the purchase price upon consummation of a sale of the Real Property. Here, Miramar Real Estate Group is seller's agent only, and would receive a 3% commission. The Trustee requests authority to pay both buyer and seller's broker $2,160.00 each in commissions, or 3% each of the final sales price upon overbid.

**Benefit to the estate.** The Trustee believes that the sale of the Real Property to Buyer is in the best interest of the estate because it will yield funds to be distributed to creditors.

//
//
//
//
//

The Trustee's belief is based on the following calculation:

| | |
|---|---:|
| Offer: | $ 72,000.00 |
| Approximate Amount of Secured Claims: | $ 0.00 |
| Debtor's Exemption | $ 0.00 |
| Approximate Cost of Sale (includes taxes) | $ 8,000.00 |
| **Proceeds of sale:** | **$ 64,000.00** |
| **Approximate Amount to be Paid to Estate (1/3 of proceeds):** | **$ 21,333.00** |

In his business judgment, the Trustee believes that sale of the Real Property under the terms described in this Motion is in the best interest of the estate. The sale allows him to liquidate a significant asset of the estate, and to move forward with the administration of the estate.

## IV. CONCLUSION AND PRAYER FOR RELIEF

The Trustee accepted a offer to purchase the Real Property based on the facts of Debtors' case. The sale, if approved, will result in approximately $21,333.00 being made available to pay claims, but the sale is subject to higher and better bids at the time of the hearing. The Trustee represents that the sale is an appropriate exercise of his business judgment and requests court approval.

WHEREFORE, Trustee prays that:

1. the Motion be granted;

2. he be authorized to sell the Real Property to Buyer or nominee for $72,000.00, subject to higher and better bids at the hearing;

3. he be authorized to pay from escrow (a) liens and encumbrances of record, (b) closing costs, and (c) broker commissions based on the final sales price;

4. he be authorized to execute all documents necessary to effectuate the sale of the Real Property to Buyer, or to the highest bidder at the hearing;

5. he be authorized to distribute Octavio Botello's 1/3 share, and Jose Botello's 1/3 share of the proceeds from escrow, after payment of items described at no. 3 above;

      6.       he be authorized to reimburse the Botellos $607.34 for the estate's share of property taxes they paid post-petition; and

      7.       for such other relief as the court determines is just and proper.

Dated: November 16, 2010

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By _____
LISA HOLDER, Attorneys for
Jeffrey Vetter, Chapter 7 Trustee

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309